Attorney Dixon is serving multiple sentences tonight and possibly in parole. In the state of New York, some cases point to an attorney insisting that his claim may have been for the inconsequential petition. Is there any kind of temptation by you to give him the opportunity to respond to his case documents? There is, of course. The court denied inconsequential. The defendant abstained, making an exhaustive claim, submitting a felony motion, soliciting a petition, discussing the petition, without giving him the opportunity to proceed, even though it was an exhaustive case. Both parties cannot agree that a remand is necessary. A remand, of course, means for the Mr. Dixon, if there is a fair opportunity, to develop an exhaustive and informed explanation for his unconsecutive petition. If you look at Mr. Dixon's proceedings, I'm going to read a bit of some of the points on the floor. There are several of them. One of the things that we've seen that seems credited to the defendant is that Mr. Dixon, the record indicates that there's an indication of space in the court's attendance, indicating that his existence is important. He's incarcerated in D.C., which is a city that has maximum security, a prison that goes four hours away from Las Vegas, a rural part of the city. There are long-standing issues with the law library. You're looking at their law benefits. There's several of them. Mr. Dixon's forewarners, which is the case that Mr. Dixon cited as being important, were the cultural items. He's a student of Mr. Dixon's. Mr. Dixon is writing in Mr. Dixon's library. It basically lists all of these indivisible things, indivisible requests to authors or themselves in D.C. who may or may not have lived in D.C. And, of course, being a prisoner in a maximum security prison, four hours away from D.C. when you're built in D.C., it may be a question of abilities, even if the plan is a bit skewed in your claims, such as the safety or the attendance of students or others. You are seen at first sight in the city who are recognized for all these problems and accounts in the surrounding areas of prisoners. You're going to be expected to detain their defendants to the cost of something so they are accepted lawyers. You are being sentenced on substitution in case they are not lawyer-appointed. You can't say that offenders in D.C. either have been effective lawyers for this year and don't lawyer at all or are entitled to a recognition report. The remedy is that you achieve a good cost when you do something wrong. In terms of risk and danger, the score of remedy is that the part that is a good cost standard also applies to the good cost standard for R.I.C. It's the pay for the defendant. The cost for defaults is the cost for a stay. Right here, here, I'm putting these two numbers in place. The cost for R.I.C. is the duty to counsel in state courts. The R.I.C. is not a cost on its own for R.I.C. so you can use that to your advantage. It exhausts some juries, keeps the federal courts, and this is a much more time-saving process for the major juries. Exhausting some claims in your case, previously, if you came to fail court, you file a detention, and basically that's the right thing to do. It's just later in the file that most of us are staying and it's hard to get a lot of emotions when you get to the end. Most of us want to stay and file the exhaustive claim, and then go sit for a week or a day and implement a number of the new rules, which you can see to grow exhausted, and which you can slowly expand for people who can't make the time, most often, because it requires the system and conditions in your states. And then, why did you write this speech? They were a number of claims. Clearly, he's being affected as he's fighting against most of these claims, but we are interviewing him, and these things have been talked about in the state court as well. He said that he had none. Right. He said that he had no reason not to be in a state court detention proceedings. He should be filed as soon as he gets to the court. Right. These are resources for him to submit. And then, in your case, talking about his own situation, he's filing in a state court. Is there anything that's to say that, by the way, the administration is going to do that you're going to do, that you have some trouble with in the next few years? He says nothing about it in the state court. Well, I don't think he can do about those things. That's why he filed in the state court. When he did what he filed for, he couldn't. He couldn't. Right. This is my question. Do you think that he's averaging? I don't think he's averaging. He doesn't say anything. I mean, this is sort of a statement, but a statement from a lawyer who wrote his question. He doesn't say anything about his own situation when he filed in the state court. He says nothing. He doesn't say anything about his experiences in the environment when he was in jail. I think he's not talking about his experience in the environment when he was in jail yesterday. He doesn't say anything. He doesn't say anything. I mean, I don't know I mean, I imagine he says nothing about... I mean, I don't think he's saying anything like that. I don't know why I'm saying like he didn't. I mean, he's sort of doing the best he can. He's raising small claims in these arguments and they're all different things. He's not even raising any of these. He doesn't have any assistance from a lawyer, which is, well, he really hates to be in court for anything. He hates these arguments. He does favor these kind of arguments. And he does present them to the court and he does the best he can from it. He acknowledges that that's exhausting. He asks, and he abstains and considerates that it's exhausting as far as basically going to a fine or a standard interpretation. I think one of the things that I was happy about is that he doesn't just show what he's about to anything. Like, what I'm saying is what I want to say when I'm there. I just, you know, I mean, the, uh, the Supreme Court has just so much reason to think that he doesn't just care because he doesn't have the resources to investigate. But I want to say that I love him a long time. I mean, I don't even know how long he was there for. I mean, for days. And since there's no way for him to show that he doesn't have anything to say or anything to say about    that he's just  bad guy.      have anything to say about the Supreme Court. I think that he does have a lot to say about the Supreme Court. And I think that he really has to go back and you've already heard that. He actually found a lawyer who appointed him and said he didn't see the Supreme Court and it was a moment where  was going to die of course because he was basically out of time. Although that's where he developed some of these things. He developed some new claims and petition policies so basically he went to court and he was receiving some of the documents and he was hearing him more about some of the results of the hearing. So I see him                          as   Court judge. Thank you.
judges: Gilman, Kozinski, Friedland